FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 27, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOMINO L. TOWER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-00412-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney Lora Lee Stover represents Domino L. Tower (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 13, 2009, Tr. 505, alleging disability since December 5, 2006, Tr. 438, 440, due to back problems, shoulder problems, a brain cyst, memory issues, and pain in the elbows. Tr. 511. The applications were

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

denied initially and upon reconsideration. Tr. 229-32, 237-41. Administrative Law Judge (ALJ) R.J. Payne held a hearing on July 8, 2010 and heard testimony from Plaintiff and medical expert, Arthur Lorber, M.D. Tr. 42-60. The ALJ held a supplemental hearing on September 30, 2010 and heard testimony from Plaintiff and Ronald Klein, Ph.D. Tr. 61-94. The ALJ issued an decision on October 21, 2010 finding Plaintiff disabled from December 5, 2006 through December 31, 2007 and not disabled starting January 1, 2008. Tr. 170-85. The Appeals Council granted Plaintiff's request for review and remanded the claim for additional proceedings regarding the issue of disability after December 31, 2007. Tr. 193-96. The ALJ held a second hearing on July 31, 2012 and heard testimony from Plaintiff and vocational expert, Daniel McKinney. Tr. 95-109. The ALJ issued a new decision on August 30, 2012 finding that Plaintiff's disability had ended as of January 1, 2008. Tr. 200-16. The Appeals Council again granted Plaintiff's request for review and remanded the case for further proceedings to address disability after January 1, 2008. Tr. 224-28. The ALJ held two additional hearings on November 7, 2014 and June 29, 2015 and heard testimony from Plaintiff, medical expert, Robert C. Thompson, M.D., and vocational expert, Diane Kramer. Tr. 110-162. The ALJ issued a third decision on July 24, 2015 finding Plaintiff had not been under a disability since January 1, 2008. Tr. 21-31. The Appeals Council denied Plaintiff's request for review on September 27, 2016. Tr. 1-6. The ALJ's July 24, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 22, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 45 years old on January 1, 2008. Tr. 438. Plaintiff had

completed some college. Tr. 518.  He reported that he last worked in December 2006 and stopped working because of his conditions.  Tr. 511.  His reported work history includes the positions of herdsman, horticulturist, and laborer.  Tr. 512

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097.  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 24, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act as of January 1, 2008.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2008. Tr. 24.

At step two, the ALJ determined Plaintiff had the severe impairment of degenerative disk disease. Tr. 24.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> the claimant can sit for two hour [*sic.*] at a time for a total of six hours in an eight hour workday with normal breaks. He can stand and walk 1 hour at a time and 3 hours each, in any combination, in an 8 hour workday with normal breaks. He can lift and carry 11-20 pounds occasionally and up to 10 pounds frequently. He can occasionally climb stairs and ramps and never climb ladders or scaffolds. He can occasionally stoop, kneel, and crouch, and never crawl. The claimant

> should avoid all exposure to unprotected heights, hazardous machinery, and heavy industrial-type machinery. The claimant has physical symptomatology, to include pain and he takes prescription medication for this symptomatology. However, despite the level of pain and/or any side effects of the medicine, the claimant would be able to remain reasonably attentive and responsive in a work setting and would be able to carry out normal work assignments satisfactorily.

Tr. 25. The ALJ identified Plaintiff's past relevant work as laminator-assembler, laborer/landscaper, and construction worker I and concluded that Plaintiff was not able to perform his past relevant work. Tr. 29-30.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of small parts assembler, parking lot attendant, electronical assembler, and sorter. Tr. 30-31. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 1, 2008, through the date of the ALJ's decision, July 24, 2015. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh Plaintiff's symptom reports; (2) failing to properly assess Plaintiff's residual functional capacity; (3) failing to find Plaintiff was disabled under the Grid Rules; and (4) failing to make a proper step five determination.

## DISCUSSION

**A.    Plaintiff's Symptom Reports**

Plaintiff contests the ALJ's determination that his reported symptoms were less than fully credible. ECF No. 14 at 11-13.

It is generally the province of the ALJ to make credibility determinations,

*Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 26. The ALJ reasoned that Plaintiff was less than fully credible because his symptom reporting was contrary to (1) objective medical evidence, (2) his daily activities, and (3) opinions from treating sources. Tr. 26. Additionally, the ALJ made the following statement:

> The undersigned has fully considered all of the evidence submitted relating to the claimant's subjective complaints, including his activities of daily living, prior work record, precipitating and aggravating factors, effectiveness and use of medication and therapy, alleged and/or demonstrated functional restrictions, and the duration, frequency and intensity of the alleged symptoms. The undersigned finds that the claimant's statements are not fully credible. As the claimant's statements are not credible, his statements concerning his pain, his symptoms, and his limitations are not persuasive. This finding is supported by the evidence noted below.

Tr. 27.

### 1. Objective Medical Evidence

The ALJ's first reason for finding Plaintiff less than fully credible was that Plaintiff's symptoms were not supported by objective medical evidence. Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001).

In his decision, the ALJ found that "the objective medical evidence does not support the level of impairment claimed." Tr. 26. The ALJ made a summary of Plaintiff's back injury, noting specifically that 2013 x-rays showed minimal abnormality and were unchanged from that 2010 imaging, Tr. 25 (citing Tr. 1151), and in March 2015, Plaintiff was discharged from physical therapy with his back pain improved by 80% and an ability to perform most function activities, Tr. 26 (citing Tr. 1271). The ALJ than concluded that these reports were inconsistent with Plaintiff's allegations of a "complete inability to work." Tr. 26.

In his brief Plaintiff failed to mount a specific challenge to the ALJ's reason besides asserting that "he has provided objective medical evidence that substantiates that he has severe orthopedic conditions of his back. . ." ECF No. 14 at 12. Essentially, the Plaintiff is arguing for a new interpretation of the evidence. However, if the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Therefore, this Court will not disturb the ALJ's determination.

### 2. Daily Activities

The ALJ's second reason for finding Plaintiff less than fully credible was that Plaintiff's activities were inconsistent with his reported symptoms. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for

benefits.  *Fair*, 885 F.2d at 603.

The ALJ found that Plaintiff's reported ability to prepare meals, do housework, read, do laundry, complete stretching exercises, do yard work, mow the lawn, use a computer, play with grandkids, watch children, work on cars, walk one to two miles a day, and shop were inconsistent with his reported symptoms. Tr. 26.  Additionally, the ALJ found that "the fact that the claimant has been able to be the caretaker of an elderly man is inconsistent with his allegation that he is disabled, because caretaking requires many of the same skills as full-time work, such as concentration, time management, physical stamina, social skills, and mental acuity." *Id*.

Plaintiff failed to challenge this reason in his briefing.  ECF No. 14 at 12-13. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery.  Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.  Particularly on appeal, we have held firm against considering arguments that are not briefed.  But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting.  However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so.  It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A).  We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[1] Moreover, the Ninth Circuit has repeatedly admonished that the court will not

---

[1] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

"manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

### 3. Opinions of Treating Providers

The ALJ's third reason was that Plaintiff's reports were inconsistent with the opinions of his own treating sources. The ALJ can consider the testimony from physicians and third parties concerning the nature, severity, and effect of Plaintiff's alleged symptoms in determining credibility. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ found that despite Plaintiff's reported symptoms Drs. Lamb and Eastburn found Plaintiff could go back to work. Tr. 26. In March 2008, Dr. Eastburn stated that Plaintiff "could do some light labor or retraining." Tr. 623. In July 2008, Dr. Lamb released Plaintiff for employment with a twenty pound lifting restriction and suggested a work hardening program. Tr. 738.

Plaintiff failed to specifically challenge this reason, but reading his brief liberally, it could be argued that Plaintiff challenged this determination in the following statement:

> [Plaintiff provided] verification that he is limited in his ability to stand and/or walk by two medical expert orthopedists who testified at his disability hearings – Dr. Lorber and Dr. Thompson. Further, the exhibits reflect opinions from several of his treating medical doctors who opined that Plaintiff could only perform a limited range of sedentary work: Dr. Eastburn (TR 1139-1142), Dr. Espiritu (TR 1202-1204 and Kevin Bichler, PAC (TR 967-970).

ECF No. 14 at 12-13. However, the ALJ found that it was the providers' opinions that Plaintiff was capable of work, sedentary or otherwise, that was inconsistent with the totally disabling symptoms alleged by Plaintiff. Tr. 26. Therefore, even if this were a challenge to the ALJ's reason, it is insufficient.

### 4. Additional Reasons

The ALJ included a summary paragraph in his credibility determination, which alluded to additional reasons for finding Plaintiff less than fully credible, including prior work record and the effectiveness and use of medication and therapy. Tr. 27. However, the ALJ never addressed these reasons with any more specificity or citation to the record to support his assertions.

Plaintiff failed to address these reasons in his briefing. Therefore, this Court will not consider whether the ALJ erred in his reliance on these reasons in determining whether Plaintiff's symptom reports were reliable. *See Carmickle*, 533 F.3d at 1161 n.2.

## B. Residual Functional Capacity

Plaintiff challenges the ALJ's residual functional capacity determination, alleging there was insufficient evidence to support the ALJ's determination that Plaintiff was capable of standing and/or walking for six hours our of an eight hour day and the ALJ ignored the need to avoid industrial vibration as stated by Dr. Thompson. ECF No. 17 at 13-15.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a); 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining residual functional capacity as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."). In formulating a residual functional capacity, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities. *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

Here, the ALJ performed all of these activities. He addressed medical opinions, Plaintiff's testimony, and his ability to perform daily activities. Tr. 26-29. As addressed above, this Court will not disturb the ALJ's findings that

Plaintiff was less than fully credible concerning his reported symptoms, including that his reported symptoms were inconsistent with his reported activities. *See supra*. Plaintiff alleges that the ALJ "improperly rejected the opinions expressed not only be his providers but by the two orthopedic physicians who testified as medical experts (Drs. Lorber and Thompson)." ECF No. 14 at 13. However, Plaintiff failed to state how the ALJ improperly rejected the opinions. *Id*. This non-specific challenge to all the opinions of all the providers in the record, is not adequate briefing for this Court to entertain Plaintiff's assertion. *See Carmickle*, 533 F.3d at 1161 n.2.

**C.     Grid Rules**

Plaintiff asserts that the ALJ should have found him disabled based on Grid Rule 201.14. ECF No. 14 at 14.

The grids are an administrative tool on which the Commissioner must rely when considering claimants with substantially equivalent levels of impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Ninth Circuit has recognized that significant non-exertional impairments may make reliance on the grids inappropriate. *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 577 (9th Cir. 1988). The fact that a non-exertional limitation has been alleged does not automatically preclude the application of the grids. *Id*. "The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." *Id*.

Here, the ALJ found Plaintiff capable of a limited range of light work with some non-exertional limitations. Tr. 25. At step five, the ALJ stated the following:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disable" would be directed by Medical-Vocational Rule 202.21 and Rule 202.14. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.

Tr. 30. Thereafter, the ALJ sought the opinion of a vocational expert and identified other jobs in the national economy Plaintiff could perform based on his residual functional capacity. Tr. 30-31.

Rule 202.21 was mentioned by the ALJ and addresses a light residual functional capacity with a high school diploma or more and skilled or semiskilled previous work experience with no transferable skills. 20 C.F.R. Part 404, Subpart P, Appendix 2. Rule 202.14 was also named by the ALJ and addresses a light residual functional capacity with a high school diploma or more and unskilled or no previous work experience. *Id*. Both of these rules result in a finding of "not disabled." *Id*. Rule 201.14, which Plaintiff argues should have been applied, addresses a sedentary residual functional capacity with a high school diploma or more but does not provide for direct entry into skilled work, with skilled or semiskilled previous work but skills are not transferable. *Id*. Application of this rule results in a finding of "disabled." *Id*. However, as address above, Plaintiff has failed to succeed in his argument that the ALJ erred in residual functional capacity determination. Therefore, rule 201.14 is not applicable as Plaintiff has not been limited to sedentary work.

**D.    Step Five**

The ALJ also alleged that the ALJ erred at step five by relying on the testimony of the vocational expert on direct examination. ECF No. 14 at 15. However, as addressed above Plaintiff has failed to successfully establish that the ALJ erred in his residual functional capacity determination. The vocational expert testified that a hypothetical identical to the ALJ's residual functional capacity determination would result in the ability to perform the jobs of small parts assembler, parking lot attendant, electrical assembler, and sorter. Tr. 154-56. Therefore, the ALJ's step five determination was without error.

## CONCLUSION

Plaintiff has failed to properly allege that the ALJ erred; therefore, the Court

finds that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED November 27, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE